|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| ROBERT J. WALSH, | Case No. 2:14-CV-00730-APG-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| NATIONSTAR MORTGAGE, LLC, | (DKT. #10) |
| Defendant. | |

Plaintiff Robert J. Walsh filed this lawsuit alleging defendant Nationstar Mortgage, LLC violated the Fair Debt Collections Practices Act, the Fair Credit Reporting Act, and Nevada's Fair Debt Collections Practices Act by reporting to credit agencies that Walsh's account payments were late and by not correcting that information when Walsh disputed its accuracy. Nationstar moves for summary judgment, arguing Walsh has not prosecuted this case, has not provided a computation of damages, and has produced no evidence in discovery. Nationstar also argues it is not a debt collector and Walsh's two Fair Debt Collections Practices Act claims therefore fail. Finally, Nationstar contends Walsh has no evidence showing any error on his credit report or that Nationstar received notice he disputed any error on his report and therefore his Fair Credit Reporting Act claim fails. Walsh did not respond to Nationstar's motion.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Nationstar asserts no genuine issue of fact remains that it is not a debt collector within the meaning of either the federal statute or the Nevada Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692a(6); Nev. Rev. Stat. § 649.020. Walsh has not presented any evidence raising an issue of fact to contest that. I therefore grant Nationstar's motion as to these two claims.

As to the Fair Credit Reporting Act claim, Nationstar argues Walsh will not be able to present any evidence that there was incorrect information on his credit report or that that a credit reporting agency notified Nationstar of a dispute. *See* 15 U.S.C. 1681s-2. Walsh has not presented any evidence that Nationstar reported inaccurate information or that it failed to correct that information upon being informed of an inaccuracy. I therefore grant Nationstar's motion as to this claim.

IT IS THEREFORE ORDERED that defendant Nationstar Mortgage, LLC's motion for summary judgment (Dkt. #10) is GRANTED.

IT IS FURTHER ORDERED that judgment is entered in favor of defendant Nationstar Mortgage, LLC and against plaintiff Robert J. Walsh.

DATED this 13th day of April, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE